UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>  Plaintiff,<br><br>  v.<br><br>S. ZETTERHOLM, et al.,<br><br>  Defendants. | No. 2:24-cv-0034 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff names the following individuals as defendants:  S. Zetterholm, Correctional Officer, Review Supervisor, Sgt. N. Guzman, Supervisor, A. Casaurang, CC2, Classifier, and Correctional Officer G. Mortell, all employed at High Desert State Prison.

In his first claim, plaintiff alleged he received a 115 (Rules Violation Report or "RVR") on July 14, 2023, for failure to attend a work assignment, but the RVR is "in error because there is no support in the California Code of Regulations."  (ECF No. 1 at 3.)  On or about September 7, 2023, plaintiff received another RVR under the same circumstances.  "[A]ll of the defendants" violated plaintiff's rights, and as a result, plaintiff lost credits, had his phone access taken away for 90 days, lost yard, packages, and dayroom privileges, and had his property taken from him.[1]  Plaintiff alleges a violation of his Eighth Amendment rights, cruel and unusual punishment.  As injury, plaintiff claims he was deprived of his liberty, denied the right to obtain allowed property, and sustained mental and emotional duress.  (Id.)

In his second claim, plaintiff alleges he was denied his right to call his lawyer in connection with "a falsified document" on July 14, 2023.  Plaintiff contends he had a First Amendment right to consult with an attorney and was deprived of his access to the court.  (ECF No. 1 at 4.)  In his third claim, plaintiff contends he was denied his Fifth Amendment right to access and possess his personal property.  Such denial deprived plaintiff of his ability to prepare for his court date.  (ECF No. 1 at 5.)

---

[1] In addition to the individuals named as defendants, plaintiff includes D. Hardwood, N. Albonico, R. Slyva, and Perner, none of whom are included in the defendants' section of the complaint. (ECF No. 1 at 3.) Plaintiff is advised that he must identify every individual named as a defendant in the defendants' section of the complaint to make it clear who plaintiff is suing and to aid in service of process.  In his complaint, plaintiff also refers to Exhibits A, B, and C, but no exhibit was provided. (ECF No. 1 at 3, 4, 5.)

As relief, plaintiff requests that defendants "stop punishing the plaintiff for the same issue mention[ed] in this civil complaint," and seeks restoration of credits and money damages.

Discussion

Plaintiff received two RVR's for failure to attend a work assignment but does not explain the circumstances surrounding the imposition of such charges.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition, "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Id. at 455-56. Further, allegations that plaintiff suffered mental and emotional pain do not suffice to plead an atypical and significant hardship. See Reddic v. Evans, 2011 WL 2181311, at *5 (N.D. Cal. June 3, 2011).

Here, plaintiff objects that the first RVR he received was "in error" because the California Code of Regulations includes no support for such a violation. Plaintiff is mistaken. California regulations provide that inmate misconduct reported on an RVR shall be classified as serious if:

> (J) Refusal to perform work or participate in a program as ordered or assigned.
>
> (K) Recurring failure to meet work or program expectations within the inmate's abilities when lesser disciplinary methods failed to correct the misconduct.

4

. . .

        (M) A repeated pattern of administrative rule violations for the same offense.

Cal. Code Regs. tit. 15, § 3315(a)(3); see Church v. Naftzger, 2019 WL 5784903, at *6 (E.D. Cal. Nov. 6, 2019) (challenging RVR for refusing to work as ordered or assigned issued under § 3315(a)(3)(J)), report and recommendation adopted, 2020 WL 5569716 (E.D. Cal. Sept. 17, 2020). Violations of such regulations may result in a wide variety of punishments including suspension of privileges. Cal. Code Regs. tit. 15, § 3315(f) (5). In his third claim, plaintiff alleges the defendants enforced an "illegal punishment of a falsified document . . . which resulted in the confiscation of plaintiff's allowed property," and his inability to access his property prevented him from preparing for his court date. It appears that plaintiff is again referring to the RVR which plaintiff mistakenly believed was not supported in California regulations. But it is not clear if his reference to a "falsified document" is the allegedly erroneous RVR or a different document.[2]

Further, because the matter did not involve criminal charges, plaintiff was not entitled to consult a lawyer. Plaintiff includes no facts demonstrating he is illiterate or that the issues involved in the RVR were legally complex such that he required legal assistance in connection with either RVR.

Finally, plaintiff fails to set forth what each individual defendant did or did not do that violated plaintiff's Eighth Amendment rights. Such specific factual allegations are necessary

---

[2] Plaintiff is advised that a "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006). A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge. See Pratt v. Rowland, 769 F.Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards' "filing of unfounded charges did not give rise to a per se constitutional violation actionable under section 1983"); Sprouse v. Babcock, 870 F.2d 450, 452 (9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional claim) and Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (guards' fabrication of evidence does not state a claim if procedural protections are provided during disciplinary hearing).

where the inmate alleges a violation of the Eighth Amendment because plaintiff must allege facts demonstrating that each defendant acted or failed to act with a culpable state of mind, that is, deliberate indifference.[3]

### Access to the Courts

Plaintiff generally alleges a violation of his right of access to the courts.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996). This right to access the courts includes the right to litigate "claims that have a reasonable basis in law or fact" without interference. Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). All right of access to the courts claims must demonstrate that the defendant's actions were the proximate cause of actual prejudice to the plaintiff. Silva, 658 F.3d at 1103-04. In other words, to state a viable claim of active interference, a plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348, 351); Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, plaintiff does not identify an actual injury to a court proceeding or the nature of such court proceeding. His allegations that he was unable to call his lawyer or prepare for a court hearing are insufficient to demonstrate an actual injury to a court case. Further, plaintiff includes no specific factual allegations demonstrating that any particular defendant actively interfered with plaintiff's access to the courts.

---

[3] "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits cruel and unusual punishments. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). "[T]he 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective." Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. at 1133 (quoting Allen v. Sakai, 48 F.3d at 1087).

Fifth Amendment

Finally, plaintiff appears to allege a violation of the Fifth Amendment's takings clause, which prohibits the taking of private property for public use without just compensation. U.S. Const. amend. V. "In order to state a claim under the Takings Clause, a plaintiff must first demonstrate that he possesses a 'property interest' that is constitutionally protected." Schneider v. California Dep't of Corr., 151 F.3d 1194, 1198 (9th Cir. 1998). Additionally, a prisoner must allege facts to support that property was taken for public use. Allen v. Wood, 970 F.Supp. 824, 831 (E.D. Wash. 1997). For example, a law that requires interest earned on inmate accounts to be diverted to a general fund that benefits all inmates may constitute a taking under the Fifth Amendment. See Schneider, 151 F.3d at 1201. Thus, a prisoner's property claim implicates the Fifth Amendment Takings Clause only where the prisoner alleges that prison officials took his personal property and converted it for public use. It is only then that a person is entitled to just compensation. Allen v. Wood, 970 F.Supp. at 831.

Liberally construed, plaintiff adequately alleges that he had a property interest in his confiscated property, but he fails to allege facts to support that his property was taken for any public use. Rather, it appears that plaintiff was temporarily deprived of his property as one of the punishments for the RVR. (ECF No. 1 at 3.) Plaintiff therefore fails to state a Fifth Amendment Takings claim, and under these circumstances, it does not appear that plaintiff can amend to state a cognizable Fifth Amendment claim.

Putative Due Process Claim

Although plaintiff seeks money damages and restoration of time credits, he did not include a Fourteenth Amendment due process claim as to either RVR. When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge that could impact his release date, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck, at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643-47 (1997).

But "the Heck bar as explained in Edwards 'applies only to administrative determinations that "necessarily" have an effect on "the duration of time to be served."'" Nettles v. Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) (quoting Muhammad v. Close, 540 U.S. 749 (2004) (per curiam)), cert. denied, 137 S. Ct. 645 (U.S. 2017). The Ninth Circuit held that "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 820 F.3d at 929; Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) ("[T]he applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement."). "If success in a 1983 lawsuit does not cause an immediate release or a shorter stay in prison, the Heck bar does not apply." Luster v. Amezcua, 2019 WL 1442992, at *6 (E.D. Cal. Apr. 1, 2019).

Here, plaintiff does not indicate whether he is serving a determinate or indeterminate sentence, or whether any of his time credits were restored. However, because plaintiff did not raise a due process challenge to a particular RVR, the court does not decide whether any such challenge would be subject to dismissal pursuant to the favorable termination rule.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty.

1 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some
2 degree of particularity overt acts which each defendant engaged in that support plaintiff's claim.
3 Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
4 complaint must be dismissed. The court will, however, grant leave to file an amended complaint.
5   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
6 about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g.,
7 West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how
8 each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no
9 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
10 defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633
11 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official
12 participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266,
13 268 (9th Cir. 1982).
14   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
15 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
16 complaint be complete in itself without reference to any prior pleading. This requirement exists
17 because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez
18 v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
19 supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
20 omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any
21 function in the case. Therefore, in an amended complaint, as in an original complaint, each claim
22 and the involvement of each defendant must be sufficiently alleged.
23   In accordance with the above, IT IS HEREBY ORDERED that:
24   1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
25   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
26 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
27 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
28 Director of the California Department of Corrections and Rehabilitation filed herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 15, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/rams0034.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>         Plaintiff,<br><br>    v.<br><br>S. ZETTERHOLM, et al.,<br><br>         Defendants. | No. 2:24-cv-0034 KJN P<br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____          Amended Complaint

                              _____
                                         Plaintiff