UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY, | No. 2:24-cv-0034 KJM CSK P |
| Plaintiff, | |
| v. | ORDER |
| S. ZETTERHOLM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On April 10, 2024, the assigned magistrate judge recommended that this action be dismissed based on plaintiff's failure to file an amended complaint. (ECF No. 11.) On May 7, 2024, plaintiff, "a paraplegic with limited mobility and medical complications," filed objections stating that he has been unable to respond to court orders based on his disabling medical issues, his transfers to various prisons deprived him of his property on more than two occasions, he "has been waiting on prison officials['] administrative remedies for further . . . evidence to present his case," and he did not receive the findings and recommendations until April 22, 2024. (ECF No. 12 at 2-3, 5.) He asks that his time to respond be reconsidered. (ECF No. 12 at 3.)

Good cause appearing, the findings and recommendations are vacated, and plaintiff is granted an extension of time to file an amended complaint.

1

Motion for Stay

Appended to plaintiff's objections is a document styled, "Motion for Stay in Abeyance," in which plaintiff seeks to stay this action while he "collect[s] more evidence also, to complete grievance on additional issue." (ECF No. 12 at 6.)

Governing Standards

"[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" Ryan v. Gonzales, 568 U.S. 57, 74 (2013) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  However, "[t]he proponent of a stay bears the burden of establishing its need," and issuing a stay without taking any account of the nonmovant's interests in proceeding can be an abuse of discretion.  Clinton v. Jones, 520 U.S. 681, 708 (1997).  In determining whether to stay proceedings, courts generally "consider[ ] the following factors:  (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party."  Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. May 21, 2007).

Discussion

The Court finds that plaintiff has not demonstrated that a stay of this action is warranted for the following reasons.  First, plaintiff is not required to submit evidence with his amended complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In other words, plaintiff is required to set forth facts showing that his constitutional rights were violated by a particular defendant.[1]  While detailed factual allegations are not required,

---

[1] Indeed, "[t]he complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:
    1. Allegation of jurisdiction.
    2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
    3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

Second, although plaintiff claims in his request for more time that he is "dealing with pain and disabling medical issues" and is currently housed in a hospital bed (ECF No. 12 at 2), plaintiff does not indicate whether such issues are permanent or temporary and does not state how long he anticipates being housed in a hospital bed, if he knows. Plaintiff also fails to demonstrate that extensions of time are insufficient to address any additional inability to timely file an amended complaint.

Further, plaintiff's statement that he needs additional time to complete a grievance is concerning because plaintiff is required to exhaust his administrative remedies as to each claim before bringing such claim in federal court. 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

---

> thousand dollars.
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

Fed. R. Civ. P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There is no "special circumstances" exception to the PLRA's rule of exhaustion prior to filing "any action." Ross v. Blake, 578 U.S. 632, 640 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). See Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Accordingly, for all of the above reasons, the Court finds that plaintiff has not sufficiently supported his alleged claim of hardship.

As to the potential prejudice to the non-moving party, it is difficult for the Court to evaluate prejudice without an operative complaint on file. However, the allegations in the original complaint were based on incidents in July and September of 2023, and the recollections of the four named defendants would likely be affected by a stay of this action, and they have not yet been provided notice of its filing. Thus, there is some potential prejudice to the individuals named as defendants in the original complaint if a stay of this action is granted.

Two factors weigh in favor of denying the stay; therefore, the Court is not required to address judicial economy. The motion for stay is denied without prejudice.

Amended Complaint

Because plaintiff is currently housed in a hospital bed, the Court grants plaintiff an additional sixty days in which to file an amended complaint that complies with the February 15, 2024 order (ECF No. 7). Such order provided plaintiff with the elements required to demonstrate violations of his rights under the First and Eighth Amendments and should assist plaintiff in preparing his amended complaint.[2]

---

[2] Plaintiff is also advised of the following rules. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George, 507 F.3d at 607.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 11) are vacated;

2. Plaintiff's motion for stay (ECF No. 12 at 6) is denied without prejudice;

3. Plaintiff is granted sixty days from the date of this order to file an amended complaint that complies with the February 15, 2024 order (ECF No. 7); and

4. The Clerk of the Court is directed to send plaintiff a copy of the February 15, 2024 order (ECF No. 7) as well as the form for filing a civil rights complaint by a prisoner.

Dated: May 13, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rams0034.vac